# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY GREENLEA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:16-cv-00801-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN FIVE DAYS WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 4.) |

On June 9, 2016, Plaintiff Charles Ray Greenlea ("Plaintiff") proceeding pro se in this action, filed a complaint challenging the final decision of the Commissioner of Social Security denying him disability benefits. (ECF No. 1.) Plaintiff also filed a motion to proceed in forma pauperis in this action without prepayment of fees. (ECF No. 2.) On June 14, 2016, an order issued requiring Plaintiff to either file a long form application to proceed in forma pauperis or pay the filing fee within twenty days. (ECF No. 4.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff was ordered to either file an application to proceed in forma pauperis or pay the filing fee within twenty days of the June 14, 2016 order.  In the order, Plaintiff was advised that failure to comply with the order would result in this action being dismissed. (ECF No. 4.)  More than twenty days have passed and Plaintiff has not filed the application to proceed in forma pauperis, paid the filing fee in this action, or otherwise responded to the Court's order.  Plaintiff has failed to comply with the order requiring him to pay the filing fee or demonstrate that he is eligible to proceed without prepayment of the fee.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause within five (5) days from the date of entry of this order why this action should not be dismissed for failure to comply with the June 14, 2016 order.

IT IS SO ORDERED.

Dated:   **July 11, 2016**

UNITED STATES MAGISTRATE JUDGE