# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY GREENLEA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:16-cv-00801-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.**

**PROCEDURAL HISTORY**

On June 9, 2016, Plaintiff Charles Ray Greenlea filed a complaint challenging the decision of the Social Security Commissioner denying him benefits along with an application to proceed without prepayment of fees in this action. (ECF Nos. 1, 2.) The Court determined that the application was improperly completed and therefore was unable to determine if Plaintiff was entitled to proceed without prepayment of fees. On June 14, 2016, an order issued requiring Plaintiff to file a long form application to proceed in forma pauperis or pay the filing fee within twenty days. Plaintiff did not comply with or otherwise respond to the June 14, 2016 order. (ECF No. 4.)

On July 11, 2016, an order issued requiring Plaintiff to show cause within five days why this action should not be dismissed for failure to pay the filing fee or file an application to

proceed in forma pauperis in compliance with this Court's order.  (ECF No. 5.)  On July 13, 2016, counsel filed a response indicating that mail sent to Plaintiff has been returned marked undeliverable and the telephone number for Plaintiff has been disconnected.  (ECF No. 6.)  Counsel has been unable to contact Plaintiff and it appears he has abandoned his claims.  (Id.)

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

## III.

## DISCUSSION

Plaintiff was ordered to either file an application to proceed in forma pauperis or pay the filing fee within twenty days of the June 14, 2016 order.  In the order, Plaintiff was advised that failure to comply with the order would result in this action being dismissed. (ECF No. 4.)  More than twenty days have passed and Plaintiff did not file the application to proceed in forma pauperis or pay the filing fee in this action.

In response to the order to show cause, counsel has indicated that Plaintiff has not responded to attempts to contact him and apparently has abandoned his claim. Plaintiff has failed to comply with the order requiring him to pay the filing fee or demonstrate that he is eligible to proceed without prepayment of the fee. For this reason, the Court recommends that this action be dismissed.

### III.
### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for Plaintiffs' failure to pay the filing fee or file a long form application to proceed in forma pauperis in compliance with the June 14, 2016 order of the Court.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 15, 2016**

UNITED STATES MAGISTRATE JUDGE